IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2015-CV- _____ - _____ - _____

JACQUELYNNE ARNOLD
Plaintiff

v.

DETROIT DIESEL CORPORATION, a Delaware Corporation; and
CARMIEL KING
Defendants

---

## NOTICE OF REMOVAL

---

Defendants, Detroit Diesel Corporation ("DDC") and Carmiel King (collectively "Defendants") by and through their attorneys, Hall & Evans, LLC, hereby file their Notice of Removal of this action from the District Court, County of Boulder, State of Colorado, to the United States District Court for the District of Colorado.  The grounds for this removal are that there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00.

Defendants, in support of their Notice of Removal state and allege to this Honorable Court as follows:

1.      Defendants DDC and Mr. King are named as a Defendants in a civil court action brought by the Plaintiff, Jacquelynne Arnold, in the District Court, County of Boulder, State of Colorado.  The State Court action is captioned as *Jacquelynne Arnold v. Detroit Diesel Corporation, et al.*, Civil Action No. 2015-CV-30084.  The aforementioned action was filed on or about January 29, 2015.  DDC was served with Process on January 9, 2015 and Mr. Arnold was

served with process on January 11, 2015; however that service was deemed void by Plaintiff's failure to file suit within 14 days under Colo. R. Civ. P. 3.  Defendants waived and accepted service on January 30, 2015.   A copy of the Complaint and Jury Demand which was served upon Defendants in the Colorado state court action is attached hereto as **Exhibit A**.

2.       In her Complaint, Plaintiff alleges that she sustained injuries to her neck, back, and shoulder when a vehicle driven by Mr. King, while in the course and scope of his employment with DDC, collided with the left side of Plaintiff's vehicle.  [Exhibit A at ¶¶ 1-4, 15].  Plaintiff has asserted three claims in this action, negligence and negligence *per se* against Mr. King, and negligence against DDC.  [*See id.* at ¶¶ 5-14].  Plaintiff seeks money damages for economic losses, including medical expenses; noneconomic losses, such as pain, suffering, and loss of enjoyment of life; and physical impairment; plus interest, costs, attorney fees, and further relief.  [*Id.* at ¶¶ 15-17].

3.       This Court possesses diversity jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332.  Plaintiff is a citizen of the State of Texas.  [*See id.* at 3].  DDC is organized under the laws of the State of Delaware and has its principal place of business in Detroit, Michigan.  Mr. King is a resident of the state of Michigan.  As such, complete diversity of citizenship exists between the parties.

4.       The amount in controversy in this action exceeds the $75,000.00 jurisdictional minimum required for this Court's diversity jurisdiction.  28 U.S.C. § 1446(c)(2) provides, in relevant part:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—

(A) The notice of removal may assert the amount in controversy if the initial pleading seeks—

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;

28 U.S.C. § 1446(c)(2) and (c)(2)(ii).  Here, the Plaintiff's Amended Complaint does not demand or state an amount of damages, but rather requests a money judgment for economic and non-economic damages.  *See* Exhibit A at 2-3.  Plaintiff's alleged damages consist of personal injury damages, loss of enjoyment of life and physical impairment.  *See id.*  A plaintiff cannot defeat removal by omitting an amount in controversy from the complaint.  ***Valdez v. Byers***, No. 09-cv-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at *4 (D. Colo. May 20, 2009) [unpublished disposition attached as **Exhibit B**].

5.      The Civil Case Cover Sheet for Plaintiff's Complaint (attached as **Exhibit C**) states that the amount in controversy exceeds $100,000.    While a state Civil Case Cover Sheet is evidence that the jurisdictional amount in controversy has been satisfied, the Cover Sheet does not alone satisfy a defendant's jurisdictional requirements.  ***Commonwealth Ins. Co. v. Ward Mfg., Inc.,*** Case No. 1:10-CV-00872-CMA, 2010 U.S. Dist. LEXIS 47990, *2 (D. Colo. Apr. 22, 2010) [unpublished disposition attached as **Exhibit D**]; ***Baker v. Sears Holding Corp.***, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007).  The United States Court of Appeals for the Tenth Circuit has held:

[T]the removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done--by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] **by reference to the plaintiff's informal estimates or settlement demand**s[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.  The list is not exclusive . . .

3

*McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (emphasis supplied). Further, a settlement letter is admissible and relevant evidence regarding the amount in controversy. *Valdez*, 2009 U.S. Dist. LEXIS 46086, at *4-5.   The combination of a settlement demand of more than $75,000 and a state court Civil Case Cover Sheet reflecting that the amount at issue is more than $100,000 together satisfy the jurisdictional requirements for diversity jurisdiction in this Court. *See **id**.*

6.      On November 24, 2014, Plaintiff's counsel sent a demand letter to Defendants' insurer, demanding an amount well in excess of $75,000 for resolution of all Plaintiff's claims against Defendants.

7.      Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(a), since the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that were served upon Defendant by Plaintiff are attached.   These include the following items: (1) Plaintiff's Complaint (Exhibit A), Civil Case Cover Sheet (Exhibit C), and Summonses on Defendants (attached as **Exhibit E**).   Additionally, Defendant hereby certifies that neither a trial nor any hearings in this matter have been set in the District Court, County of Boulder, State of Colorado.   A copy of the docket sheet for the Boulder County case is attached as **Exhibit F**.

7.      Defendants have complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCiv.R. 81.1.

8.      A copy of this Notice of Removal is being filed with the Clerk of the District Court, County of Boulder, State of Colorado, and is being served on Plaintiff's counsel as specified on the attached Certificate of Service.

9.      A copy of the of the Notice of Filing Notice of Removal, which is being filed with the District Court, County of Boulder, State of Colorado, is attached to the instant Notice as **Exhibit G**.

10.     In her Complaint, Plaintiff demands a trial by jury.

Respectfully submitted this 5th day of February, 2015.


Hall & Evans, L.L.C.


_s/ Conor P. Boyle_____
Darin J. Lang, #32343
Conor P. Boyle, #40147
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February 2015, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served on the following as noted:

| | |
|---|---|
| Christopher W. Jeffress, Esq. #25399<br>Jeffress Law, PC<br>4430 Arapahoe Avenue, Suite 100<br>Boulder, Colorado 80303<br>T: 303-993-8685<br>F: 303-412-4213<br>chris@jeffresslaw.com<br><br>*Attorney for Plaintiff* | (  ) First Class Mail<br>(  ) Hand Delivery<br>(  ) Facsimile<br>(  ) Overnight Delivery<br>(  ) LexisNexis File & Serve<br>(X) CM/ECF<br>(  ) E-Mail |

*s/Dawnell Kring*

_____
Dawnell Kring

6