| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF BOULDER, COLORADO<br>1777 Sixth St.<br>P.O. Box 4249<br>Boulder, Colorado 80302<br>Telephone 303-441-3750 | DATE FILED: January 29, 2015 12:09 PM<br>FILING ID: EA26091CF4050<br>CASE NUMBER: 2015CV30084 |
| Plaintiff: **JACQUELYNNE ARNOLD**<br><br>v.<br><br>Defendants: **DETROIT DIESEL CORPORATION AND CARMIEL KING** | ▲ COURT USE ONLY ▲ |
| Christopher W. Jeffress<br>**JEFFRESS LAW, PC**<br>4430 Arapahoe Ave., Suite 100<br>Boulder, CO 80303<br>Telephone: (303) 993-8685<br>Facsimile: (303) 412-4213<br>Atty. Reg. 25399<br>Email: chris@jeffresslaw.com | Case No.   Div. |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Jacquelynne Arnold, through counsel, Christopher W. Jeffress of Jeffress Law, P.C., submits the following Complaint and Jury Demand:

### FACTUAL BACKGROUND

1. On or about July 17, 2012, Plaintiff Jacquelynne Arnold was operating a motor vehicle northbound on Highway 85 in the #3 lane, preparing to merge onto the westbound I-270 on-ramp in or near Commerce City, Colorado.

2. At that time and place, Carmiel King was operating a 2000 Western Star truck traveling northbound on Highway 85. He began changing lanes into the #3 lane and failed to notice Ms. Arnold's vehicle, causing a collision with her vehicle on its driver's side.

3. Upon information and belief, Carmiel King was operating a Western Star truck owned and/or controlled by Defendant Detroit Diesel Corporation ("Detroit Diesel").

4. Upon information and belief, Defendant Carmiel King was in the course and scope of employment and/or agency with Defendant Detroit Diesel at the time of the collision.



EXHIBIT A

## FIRST CLAIM FOR RELIEF
### (Negligence and Negligence Per Se – Defendant King)

5. Plaintiff incorporates all paragraphs above by reference.

6. At the time and place alleged herein, Defendant King operated the truck negligently, carelessly, and in disregard for the traffic regulations in effect, the traffic conditions encountered, and the rights and safety of the public at large, particularly the Plaintiff.

7. The conduct of this Defendant was a proximate cause of the injuries, damages, and losses sustained by Plaintiff, as set forth herein.

8. The above collision was caused by the negligence of this Defendant, including but not limited to Careless Driving (C.R.S. § 42-4-1402), Failure to Yield (C.R.S. § 42-4-1401), and such other acts or failures to act which may be discovered at or before trial, which wrongful conduct also violated the ordinances of City of Commerce City, County of Adams, and/or statutes of the State of Colorado.

9. The aforementioned statutes, ordinances and codes were enacted to protect persons such as Plaintiff from harm and injury of the type inflicted on her. As such, this Defendant's conduct in violating these statutes constitutes negligence *per se*.

## SECOND CLAIM FOR RELIEF
### (Negligence – Defendant Detroit Diesel)

10. Plaintiff incorporates all paragraphs above by reference.

11. Defendant Carmiel King, as Detroit Diesel's employee, negligently and carelessly operated the Detroit Diesel's truck.

12. Defendant Detroit Diesel is vicariously liable for Defendant Carmiel King's wrongful conduct.

13. Upon information and belief, Detroit Diesel negligently and carelessly hired and supervised Defendant Carmiel King.

14. The conduct of this Defendant was a proximate cause of the injuries, damages, and losses sustained by Plaintiff, as set forth herein.

## DAMAGES

15. As a proximate result of the conduct of the Defendants, Plaintiff sustained injuries to her neck, back, and shoulder.

16. The conduct of Defendants, and each of them, also caused Plaintiff to sustain permanent injuries; endure pain and suffering; impair her enjoyment of life; sustain expenses for the services of health-care providers and medical supplies; lose time; sustain a physical

impairment; and incur other losses, all past and future, all to her detriment as a result of the conduct of the Defendants.

17. As a direct and proximate result of her injuries, Plaintiff was prevented from engaging in certain economic, social, and recreational activities normal to her lifestyle prior to this incident.

18. Plaintiff's date of birth is August 7, 1988. She was 23-years-old at the time of the collision. She had a minimum life expectancy, pursuant to the United States Life Tables, of 58.4 years, and is entitled to compensation for her injuries, damages and losses for the remainder of her life.

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against the Defendants, and each of them, in an amount to fairly and reasonably compensate her for her injuries as set forth above; for court costs; for expert witness fees; for statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law; and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 8th day of January 2015.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**JEFFRESS LAW, PC**

By: *Signature of Christopher W. Jeffress is on file at the offices of Jeffress Law, PC*

*s/ Christopher W. Jeffress*
Christopher W. Jeffress

Plaintiff's Address:
3200 Bromley Place, Apt. O308
Midland, TX 79705